Walker v. Lynch

BIA
Straus, IJ
A038 575 464

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of August, two thousand sixteen.

PRESENT:
    PIERRE N. LEVAL,
    REENA RAGGI,
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

_____

GAVIN TARIANO WALKER, AKA THOMAS WALKER,
        *Petitioner,*

    v.                                          15-184
                                                NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:         Jon    Bauer,    University    of
                        Connecticut School of Law Legal
                        Clinic, Hartford, Connecticut.

FOR RESPONDENT:         Benjamin C. Mizer, Principal
                        Deputy   Assistant   Attorney
                        General, Civil Division; Anthony
                        P. Nicastro, Senior Litigation
                        Counsel; Sheri R. Glaser, Trial
                        Attorney, Office of Immigration

Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Gavin Tariano Walker, a native and citizen of Jamaica, seeks review of a December 24, 2014 decision of the BIA, affirming a July 8, 2014 decision of an Immigration Judge ("IJ") denying Walker's application for deferral of removal under the Convention Against Torture ("CAT"), and ordering him removed based on his Connecticut state law convictions. *See In re Gavin Tariano Walker,* No. A038 575 464 (B.I.A. Dec. 24, 2014), *aff'g* No. A038 575 464 (Immig. Ct. Hartford July 8, 2014); *see also* 8 U.S.C. §§ 1182(a)(2)(A)(i)(II); 1182(a)(2)(C). In the circumstances of this case, we review the IJ's decision as modified by the BIA, *i.e.*, without the IJ's adverse credibility determination that the BIA declined to reach, *see Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005), and, therefore, assume the credibility of Walker's testimony that his homosexuality is widely known in Jamaica, *see Yan Chen v. Gonzales*, 417 F.3d 268, 271-72 (2d Cir. 2005).[1] In conducting

---

[1] Because the IJ only found Walker's testimony not credible on

2

our review, we assume the parties' familiarity with the underlying facts and procedural history in this case.

On appeal, Walker argues that (1) the agency erred in applying the government acquiescence standard under the CAT and in mischaracterizing the facts demonstrating such acquiescence, and (2) the BIA applied an erroneous standard in reviewing the IJ's acquiescence determination. Although we generally lack jurisdiction to review a final order of removal against an alien, such as Walker, who was found removable by reason of having been convicted of, *inter alia*, an aggravated felony and a controlled substance offense, *see* 8 U.S.C. § 1252(a)(2)(C); *Ortiz-Franco v. Holder*, 782 F.3d 81, 86 (2d Cir. 2015), we retain jurisdiction insofar as Walker raises "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), for which our review is *de novo*, *see Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). That jurisdiction extends to the issues Walker here raises. *See De La Rosa v. Holder*, 598 F.3d 103, 107, 110–11 (2d Cir. 2010) (concluding that misapplication of government acquiescence standard under

_____

this point and did not make a general adverse credibility determination, *see* Certified Administrative Record ("CAR") 144 (explaining that Walker's testimony "was largely, though not entirely, consistent with his I-1589 Application and other record evidence"), we presume the credibility of the remainder of Walker's testimony as well, *see* 8 U.S.C. § 1158(b)(1)(B)(iii).

3

CAT constitutes question of law); *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009) (holding that agency commits error of law when it "totally overlook[s]" or "seriously mischaracterize[s]" facts).

To establish eligibility for CAT relief, an applicant must demonstrate that (1) "it is more likely than not that he or she would be tortured if removed to the proposed country of removal," 8 C.F.R. § 1208.16(c)(2), *i.e.*, subjected to acts "by which severe pain or suffering is . . . intentionally inflicted . . . for any reason based on discrimination of any kind," *Pierre v. Gonzales*, 502 F.3d 109, 114 (2d Cir. 2007) (quoting 8 C.F.R. § 208.18(a)(1)); and (2) government officials would inflict such torture, or otherwise acquiesce in it, *see* 8 C.F.R. § 208.18(a)(1), *i.e.*, "know of or remain willfully blind to" the anticipated acts of torture and "thereafter breach their legal responsibility to prevent it," *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004). We agree with Walker that the agency appears to have misapplied the government acquiescence standard.

Here, the U.S. Department of State's 2013 Human Rights Report for Jamaica, to which the agency permissibly afforded greater weight than other documentary evidence, *see Hui Lin Huang v. Holder*, 677 F.3d 130, 138 (2d Cir. 2012), states that,

4

in Jamaica — where laws criminalize "acts of gross indecency . . . between persons of the same sex" — lesbian, gay, bisexual, and transgender ("LGBT") individuals suffer "serious human rights abuses, including assault with deadly weapons, 'corrective rape' of women accused of being lesbians, arbitrary detention, mob attacks, stabbings, harassment . . . by hospital and prison staff, and targeted shootings." Certified Administrative Record ("CAR") 414. The Report further states that "brutality against [gay men], primarily by private citizens, was widespread in the community," and that "[g]ay men hesitated to report such incidents against them because of fear for their physical well-being." *Id.* at 415. Moreover, "[a]lthough individual police officers expressed sympathy for the plight of the LGBT community and worked to prevent and resolve instances of abuse, . . . the police force in general did not recognize the extent and seriousness of . . . violence against members of the LGBT community, and failed to investigate such incidents." *Id.* at 414–15.

Similarly, a letter from the former director of the Jamaica Forum for Lesbians, All-Sexuals & Gays ("J-FLAG"), upon which the IJ relied , states that while "[t]here have been improvements in the overall response of the police in the past year," the "[p]olice frequently refuse to investigate crimes

against gay individuals" and, as a result, gay Jamaicans are not simply subject to violent persecution, but also are understood as safe targets for robbery, extortion and murder because of their outcast status." CAR 505.

Walker testified that he was personally threatened by (1) his Uncle Collin, who allegedly raped Walker when he was younger and, in 2003, "threatened to slit [Walker's] throat for revealing the rapes and spreading rumors that Collin is gay," CAR 141; and (2) his cousin Ludlow, who "threatened to kill [Walker] for levying accusations of homosexuality at Ludlow's brother Shawn and father Collin, the two individuals responsible for [Walker's] childhood sexual traumas," *id.*

In concluding that Walker failed to demonstrate government acquiescence, (1) the IJ determined that there was insufficient evidence that the Jamaican government "indirectly condones the torture of" gay individuals, CAR 151; and (2) the BIA, while acknowledging evidence that Jamaican police generally do not investigate crimes against gay individuals, concluded that this evidence was insufficient to demonstrate acquiescence because it "does not describe whether the failure to investigate in most cases was purposeful and because of the victims' sexuality," CAR 4. The IJ's statement appears to have "totally overlook[ed]" the contrary record evidence, discussed above.

6

*Mendez v. Holder*, 566 F.3d at 323 (recognizing that agency does not commit error of law every time item of evidence is not explicitly considered, but that error of law occurs where agency "totally overlook[s]" important evidence). Meanwhile, the BIA's statement appears to have misapplied the applicable standard by "conflat[ing]" the CAT's "specific intent requirement . . . with the concept of state acquiescence." *Pierre v. Gonzales*, 502 F.3d at 118 (explaining that, "[b]ecause the CAT reaches torture committed by or *acquiesced in* by government actors, it is not always necessary that the specific intent required by section 208.18(a)(5) be formed by the government itself" (emphasis in original)); *see Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004) ("In terms of state action, torture requires *only* that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it." (emphasis added)).

Accordingly, we remand for the agency to consider, consistent with the controlling precedent referenced, whether it is more likely than not that Walker will be tortured if removed to Jamaica and that the government will acquiesce in such torture, particularly in light of (1) the evidence discussed herein regarding the general failure of the Jamaican police to investigate crimes against gay individuals, and (2)

7

Walker's testimony regarding threats he received from family members. *See De La Rosa v. Holder*, 598 F.3d at 110–11 (remanding for further consideration of government acquiescence legal standard); *Mendez v. Holder*, 566 F.3d at 323 (remanding for consideration of overlooked evidence).[2]

For the foregoing reasons, the petition for review is GRANTED, and the case is REMANDED for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Because we remand for further consideration on these grounds, we need not consider Walker's argument that the BIA failed to distinguish a prior nonprecedential decision granting CAT relief to a Jamaican gay man.

8