*Orellana-Mateo v. Whitaker*

BIA
Straus, IJ
A205 379 495

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of November, two thousand eighteen.

PRESENT:
> REENA RAGGI,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

ERICK GERMAN ORELLANA-MATEO,
> *Petitioner,*

> v.                                16-1547
> >                                     NAC

MATTHEW G. WHITAKER,
ACTING UNITED STATES ATTORNEY
GENERAL,
> *Respondent.*

_____

FOR PETITIONER:             Susan N. Masters, Joshua S.
Mirer, Hartford, Connecticut.

FOR RESPONDENT:            Chad A. Readler, Acting Assistant
Attorney General; Anthony C.
Payne, Assistant Director;

Alexander J. Lutz, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Erick German Orellana-Mateo, a native and citizen of Honduras, seeks review of the BIA's affirmance of an Immigration Judge's ("IJ's") denial of Orellana-Mateo's application for relief under the Convention Against Torture ("CAT").  *See In re Erick German Orellana-Mateo,* No. A 205 379 495 (B.I.A. Apr. 19, 2016), *aff'g* No. A 205 379 495 (Immig. Ct. Hartford Dec. 8, 2014).  Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA, *see Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005), applying well established standards of review, *see Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (reviewing agency's legal conclusions *de novo* and factual findings for substantial evidence).  In so doing, we assume the parties' familiarity with the underlying facts and procedural history

2

of this case, which we reference only as necessary to explain our decision to grant the petition.

To secure CAT relief, Orellana-Mateo must show that someone in his circumstances is more likely than not to be tortured if removed. *See* 8 C.F.R. §§ 1208.16(c), 1208.17; *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004); *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003). The alleged torture must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). "Acquiescence . . . requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Id*. § 1208.18(a)(7); *see Khouzam v. Ashcroft*, 361 F.3d at 171 (holding that "[i]n terms of state action, torture requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it").

In assessing the likelihood of torture, "all evidence relevant to the possibility of future torture shall be

3

considered, including, but not limited to . . . [e]vidence of past torture," the possibility of relocation within the country, "[e]vidence of gross, flagrant or mass violations of human rights . . . and . . . relevant information regarding conditions in the country of removal." 8 C.F.R. § 1208.16(c)(3); *see In re G-A-*, 23 I. & N. Dec. 366, 367-68 (B.I.A. 2002) (en banc).

Here, the agency denied Orellana-Mateo CAT relief upon finding that he failed to show that Honduran police would acquiesce in physical assaults against him by his girlfriend's father, Marvin Leon. In reaching this conclusion, the agency considered country conditions evidence reporting high levels of police corruption in Honduras and credited Orellana-Mateo's testimony detailing police participation in criminal activity with Leon. Nevertheless, because there was evidence of the government taking steps to combat corruption and of two officers stopping Leon from killing Orellana-Mateo on a prior occasion, the agency concluded that the record as a whole failed to show the requisite government acquiescence in feared torture.

4

While factfinding responsibility is largely within the agency's discretion, *see Jian Hui Shao v. Mukasey*, 546 F.3d 138, 171 (2d Cir. 2008), this court properly considers whether that factfinding conforms to established legal principles. This court has frequently remanded cases to the BIA for it to consider whether "the preventative efforts of some government actors should foreclose the possibility of government acquiescence, as a matter of law, under the CAT." *De La Rosa v. Holder*, 598 F.3d 103, 110 (2d Cir. 2010); *see Walker v. Lynch*, 657 F. App'x 45, 47–48 (2d Cir. 2016) (summary order); *Pierre v. Lynch*, 639 F. App'x 707, 709–11 (2d Cir. 2016) (summary order); *Celedon-Herrera v. Lynch*, 627 F. App'x 6, 9 (2d Cir. 2015) (summary order). We do so again here because the record indicates that (1) the officers who stopped Leon from killing Orellana-Mateo were themselves involved with Leon in ongoing criminal activity; (2) the officers had not stopped Leon from physically attacking Orellana-Mateo, intervening only when Leon drew a gun; (3) the officers' intervention to prevent murder may have been prompted more by a concern for witnesses to the event than by a responsibility to prevent homicide; (4) the officers did not arrest Leon for

attacking and attempting to murder Orellana-Mateo; (5) on taking Orellana-Mateo home, the officers told him he had nothing to fear as long as he kept quiet about the ongoing criminal activities; and (6) Leon did not hesitate to assault Orellana-Mateo again on an occasion when no officers were present.

The agency's decision fails to account for the totality of these facts or to consider whether, despite their prevention of murder in the presence of witnesses, police would effectively acquiesce in that or other torturous conduct against Orellana-Mateo in the future. *See De La Rosa v. Holder*, 598 F.3d at 110 (holding that "preventative efforts of some government actors" do not clearly "foreclose the possibility of government acquiescence, as a matter of law, under the CAT"); *Khouzam v. Ashcroft*, 361 F.3d at 171.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is

DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court